IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
CRISPIN KERBY ANDREWS,         )
                               )
          Plaintiff,           )
                               )
    v.                         )     1:23CV871
                               )
LOWER, LLC, et al.,            )
                               )
          Defendants.          )
```

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This case comes before the Court sua sponte.[1] For the reasons that follow, it is recommended that the Court dismiss the Complaint (Docket Entry 2) and Amended Complaint (Docket Entry 6) for want of subject-matter jurisdiction.

## BACKGROUND

In his Complaint and Amended Complaint, Plaintiff names a variety of entities and individuals as defendants (collectively, the "Defendants"), including, inter alia, Judge Benjamin A. Kahn of the United States Bankruptcy Court, Moore County Superior Court, and Lower, LLC. (See Docket Entry 2 at 1, 13; Docket Entry 6 at 2.)[2]

---

[1] Plaintiff filed an Application to Proceed IFP (the "Application") (Docket Entry 1). However, the Court denied the Application (see Text Order dated Oct. 16, 2023) and Plaintiff submitted payment of the filing fee (see Receipt of Funds dated Oct. 23, 2023).

[2] Docket Entry page citations utilize the CM/ECF footer's pagination.

Plaintiff has alleged the basis for jurisdiction as numerous federal statutes and regulations including, inter alia, Conspiracy Against Rights under 18 U.S.C. § 241, Extortion under 18 U.S.C. § 872, Registration of Foreign Propagandists under 22 U.S.C § 611, Legal Tender under 31 U.S.C. § 5103, and Control of Letter-of-Credit Rights under U.C.C. § 9-107.  (See Docket Entry 2 at 2-3; Docket Entry 6 at 3.)  Additionally, the Amended Complaint alleges violations under Title II of the Civil Rights Act of 1964 and the Fourteenth Amendment of the United States Constitution.  (See Docket Entry 6 at 3.)  Of particular note, the Complaint alleges:

> [Plaintiff] tendered multiple commercial and private instruments in good faith in exchange for equitable consideration to make whole all possible parties and relieve any liabilities imaginable to any and all claims ever . . . . [Plaintiff] was denied any remedy and found [Plaintiff's] property was still place[d] on foreclosure sale. . . . [Plaintiff] was forced under threat of theft of his property [to] file[ for] bankruptcy. . . . [Plaintiff] was then subjected to a series of schemes and questions . . . by the prosecutor and the Judge to extort and coerce [Plaintiff]. . . .  [Plaintiff] was then subjected to coercive and extortive tactics . . . .

(Docket Entry 2 at 14-15.)  The Complaint goes on to address other topics, including the "History of Money and Banking The Goldsmiths," "Modern Money and Banking How Banks Create Money," and "Different Kinds of Dollars."  (Id. at 19-20 (all caps font omitted and standard capitalization applied); see id. at 18-25.)  Further, in the section titled "Practicing Law on the Bench," the Complaint alleges:

> The American people were deceived into thinking they were
> declaring lawful independence from the Crown . . . .
> [T]he hospitals here in America[] operate on British
> Maritime Law, thus making each child born[] property of
> the Queen. [T]he United State is controlled by the
> Knights Templar 'Crown,' who are controlled by the Roman
> Pope, who himself is controlled by the quote on quote
> Illuminati, better known as the Banking Families. If you
> really wanted to get technical with it, you would
> discover the . . . Mother of All Harlots known as the
> Roman Catholic Church [] own[s] the United States,
> Canada, and all countries and Bar Associations . . . .

(Id. at 44.)

The Amended Complaint requests relief in the form of specific performance, an injunction against "the Bank and the Courts," a full investigation into "all cases that the bankruptcy judge in question has conducted," compensatory damages of $2,685,673.50, punitive damages, and "[r]elief for [d]amages [c]aused by the [c]ourts." (Docket Entry 6 at 6.)

## DISCUSSION

"The inherent authority of the district court to dismiss a case *sua sponte* and control its docket is well established." Moser v. Universal Eng'g Corp., 11 F.3d 720, 723 (7th Cir. 1993) (italics in original); see also Chambers v. NASCO, Inc., 501 U.S. 32, 44-45 (1991) ("[I]nherent powers must be exercised with restraint and discretion. A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process. . . . [O]utright dismissal of a lawsuit . . . is a particularly severe sanction, yet is within the court's discretion." (internal citation omitted)). "This power derives

3

from the need for courts 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases,' and extends beyond the powers enumerated in the Federal Rules of Civil Procedure."  Moser, 11 F.3d at 723 (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1961)).

The Court possesses inherent authority to dismiss a frivolous action, "even when the filing fee has been paid."  Yi v. Social Sec. Admin., 554 F. App'x 247, 248 (4th Cir. 2014).  Moreover, "because a [federal] court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted."  Id. at 248; see also Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 480 (4th Cir. 2005) ("A federal court has an independent obligation to assess its subject-matter jurisdiction, and it will raise a lack of subject-matter jurisdiction on its own motion." (internal quotation marks omitted)).  Indeed, "[o]ver the years [the Supreme] Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion."  Hagans v. Lavine, 415 U.S. 528, 536-37 (1974) (internal citations and quotation marks omitted).  In other words, "where a claim is obviously without merit, *Hagans* precludes a federal district court from exercising its

4

jurisdiction." Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999); see also Davis v. Pak, 856 F.2d 648, 651 (4th Cir. 1988) ("*Hagans* stands for the proposition that federal courts are without jurisdiction to hear frivolous constitutional claims.").

"[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 256-257 (internal quotation marks omitted). According to the United States Supreme Court, factually frivolous complaints involve "allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (citations and internal quotation marks omitted).[3] In determining

---

[3] Notably, complaints presenting "[c]laims that are essentially fictitious," such as ones asserting "bizarre conspiracy theories," also merit dismissal under the substantiality doctrine. Newby v. Obama, 681 F. Supp. 2d 53, 56 (D.D.C. 2010) (internal
(continued...)

5

frivolousness, the Court may "apply common sense." Nasim v. Warden, MD. House of Corr., 64 F.3d 951, 954 (4th Cir. 1995).

## I. Title 18 Claims

To begin, in this case, the Complaint and Amended Complaint list numerous statutes under Title 18 as the basis for jurisdiction. (See Docket Entry 2 at 2-3; Docket Entry 6 at 3.) Title 18 generally creates criminal offenses, not civil causes of action. See 18 U.S.C. § 1-5043 (titled "Crimes and Criminal Procedure"). Even as to any statutes under Title 18 that may include a civil cause of action, Plaintiff fails to allege facts supporting any such cause of action. (See Docket Entry 2 at 1-70; Docket Entry 6 at 1-7.)

## II. Section 1983 Claims

Additionally, Plaintiff fails to state a claim against Defendants under 42 U.S.C. § 1983. The Complaint and Amended Complaint name private entities as defendants. (See Docket Entry

---

³(...continued)
quotation marks omitted); see also Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs., 521 F. App'x 278, 289 (4th Cir. 2013) (explaining that, per the Supreme Court, "the substantiality doctrine forbids the federal district courts from exercising subject matter jurisdiction over claims that are attenuated and insubstantial, absolutely devoid of merit, obviously frivolous, or no longer open to discussion" and that "[t]he substantiality doctrine has also been equated by the [Supreme] Court with a federal court's dismissal of claims that are essentially fictitious"); O'Brien v. United States Dep't of Just., 927 F. Supp. 382, 385 (D. Ariz. 1995) ("On their face, [the p]laintiff's allegations are so bizarre and delusional that they are wholly insubstantial and cannot invoke this court's jurisdiction.").

6

Case 1:23-cv-00871-CCE-LPA   Document 9   Filed 03/29/24   Page 6 of 9

2 at 1 (addressing the Criminal Complaint to, inter alia, "Anita Jo Kinlaw Troxler" and "William L. Esser IV Attorney At Law"); Docket Entry 6 at 2 (naming Lower, LLC as a defendant).) In order for liability to attach under Section 1983, Defendants must act "under color of [s]tate law[]." Adickes v. S. H. Kress & Co., 398 U.S. 144, 164 (1970). "[T]he Section 1983 requirement of conduct under color of law rarely can be satisfied in the case of anyone other than a state official." Padover v. Gimbel Bros., Inc., 412 F. Supp. 920, 923 (E.D. Pa. 1976) (citation omitted). Put another way, "[Section 1983] does not reach purely private conduct." District of Columbia v. Carter, 409 U.S. 418, 425 (1973). Here, Plaintiff has shown no basis to hold the private parties named as defendants liable under Section 1983.

Additionally, Plaintiff's Section 1983 claim against U.S. Bankruptcy Court Judge Benjamin Kahn ("Judge Kahn") suffers from a similar flaw. "[Section] 1983 does not provide a cause of action against *federal* officials." Earle v. Shreves, 990 F.3d 774, 777 (4th Cir. 2021) (italics in original). Thus, as a federal, not a state, official, Judge Kahn cannot face liability under Section 1983.

Finally, Plaintiff names Moore County Superior Court as a defendant. (Docket Entry 6 at 2.) However, Section 1983 imposes liability only on "persons" who violate Plaintiff's federally protected civil rights, but Moore County Superior Court "is a

7

building and not a person." <u>Allen v. Correct Care Sols.</u>, No. 1:21cv146, 2021 WL 954624, at *2 (M.D.N.C. Mar. 4, 2021), <u>recommendation adopted</u>, 2021 WL 949633 (M.D.N.C. Mar. 12, 2021), <u>aff'd</u>, 853 F. App'x 858 (4th Cir. 2021).

### III. Frivolous Remaining Claims

Additionally, the Amended Complaint asserts violations of 42 U.S.C. § 1986 and Title II of the Civil Rights Act. (Docket Entry 6 at 3.) However, Plaintiff has not alleged factual matter regarding any such violations. (<u>See</u> Docket Entry 2 at 1-70; Docket Entry 6 at 1-7.) Further, the Complaint lists 28 U.S.C. § 372 as a basis for jurisdiction (<u>see</u> Docket Entry 6 at 3), but Section 372 does not create a private right of action. <u>See</u> 28 U.S.C. § 372 (providing procedures by which federal judges may retire).

Plaintiff also makes "allegations that are fanciful, fantastic, and delusional." <u>Denton</u>, 504 U.S. at 33. The Complaint alleges that Defendants conspired against Plaintiff to "extort and coerce [Plaintiff]" (Docket Entry 2 at 15), and Defendants "[s]ubjected [Plaintiff] to treatment . . . to frighten, intimidate, and subjugate [Plaintiff] to suppress the expression and demand of [his] rights" (<u>id.</u> at 16). Not only do these allegations lack a sufficient factual basis, they qualify as "fanciful" and "delusional." <u>Denton</u>, 504 U.S. at 33. The Complaint further alleges "[t]he United States is controlled by . . . the Roman Pope" (Docket Entry 2 at 44) which causes

8

"lawyers under the Bar Association [to be] in the business of taking away [c]onstitutional [r]ights from sovereign citizens and giving their power to a foreign banking family" (id. at 45). Even liberally construed, Plaintiff's claims are best described as "bizarre and delusional." O'Brien, 927 F. Supp. at 385. "As a result, it is clear that this Court lacks jurisdiction over [these] allegations or attempted claims . . . because they are wholly insubstantial . . . and frivolous." Cannon v. State Workers, No. 2:08-3447-HMH-RSC, 2008 WL 4960234, at *2 (D.S.C. Nov. 20, 2008).

## CONCLUSION

The Complaint's patent frivolity warrants dismissal.

**IT IS THEREFORE RECOMMENDED** that, due to its frivolousness, this action be **DISMISSED FOR WANT OF SUBJECT-MATTER JURISDICTION**, without return of the filing fee.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

March 29, 2024